OPINION
{¶ 1} Plaintiff-Appellants, Stacy M. Reffitt and her husband, Dale H. Reffitt, appeal from a declaratory judgment action where the Allen County Common Pleas Court determined that they were not entitled to coverage under an insurance policy issued by Defendant-Appellee, State Automobile Mutual Insurance Company ("State Auto"), to Stacy Reffits's employer, attorney Michael E. Dugan. Because the "hired" and "non-owned" coverage language in the State Auto policy does not "specifically identify any motor vehicles" the policy is not an automobile or motor vehicle policy of insurance pursuant to R.C. 3937.18(L), and State Auto was not required to offer uninsured or underinsured motorist coverage as a part of the policy. Therefore, such coverage did not arise by operation of law due to any failure to offer such coverage when the policy was delivered to the insureds. Accordingly, we affirm the judgment of the trial court.
 {¶ 2} The facts of this case are not in dispute. In approximately 1992, Stacy Reffitt began working as a legal secretary for Dugan. Part of Stacy's office duties included going to the post office for mailings and to pick up stamps. Because the post office in Lima, near Dugan's office, was busy and parking near the post office was difficult, she often chose to pick up stamps on her way to work. Dugan indicated that it was her decision to do so and that she was not reimbursed for the extra mileage.
 {¶ 3} On the morning of May 3, 2000, Stacy was injured in a motor vehicle accident after picking up stamps from the Dunkirk, Ohio post office on her way to work. While driving west on State Route 81 in Lima, Ohio, after detouring to the post office, she was involved in a motor vehicle accident with a dump truck that was towing equipment on a trailer.
 {¶ 4} After settling her negligence claim against the tortfeasor for his policy limits, Stacy tendered a claim to State Auto for underinsured motorist coverage under Dugan's policy. State Auto denied the claim. Thereafter, on July 23, 2001, the Reffitts filed a complaint for declaratory judgment, seeking a declaration that: (1) State Auto policy number SOP 0112777 was an automobile or motor vehicle policy of insurance as defined in R.C. 3937.18(L); (2) Stacy was an insured under said policy on May 3, 2000, and; (3) by operation of law, they were entitled to underinsured motorist benefits in an amount up to the policy's liability limits. State Auto denied that the policy was a motor vehicle policy within the meaning of R.C. 3937.18 or that the Reffitts were insureds thereunder. The parties agreed to submit the coverage issue to the trial court upon briefs, reserving the issue of damages for trial should the Reffitts prevail on the coverage issues.
 {¶ 5} On April 10, 2002, the trial court entered judgment in favor of State Auto, concluding that the policy was not a motor vehicle liability policy of insurance within the meaning of R.C. 3937.18(L)(1) because it did not provide coverage for any motor vehicles specifically identified within the policy. The court additionally found that they were not entitled to coverage under the "Hired and Non-Owned" Auto Endorsement of the policy because Stacy did not qualify as an insured under the "who is an insured" provision contained therein. Finally, the court determined that Stacy was not acting within the scope of her employment because she had resumed her normal route to work before the accident occurred. The instant appeal followed, with the Reffitts presenting the following three assignments of error for review. Because we find the resolution of the first assignment of error to be dispositive of this appeal, we do not address the remaining assignments of error.
 Assignment of Error Number I {¶ 6} "The Trial Court Erred To The Prejudice Of Appellants When It Misconstrued ORC § 3937.18(L)(1) In Defining The Phrase `Motor Vehicles Specifically Identified In The Policy Of Insurance' So Narrowly That There Would Never Be An Instance Of Coverage Which Involved A `Hired' Or `Nonowned Vehicle' Under The Facts Of This Case."
 Assignment of Error Number II {¶ 7} "The Trial Court Erred To The Prejudice Of Appellants By Applying The Incorrect Standard Of Law In Determining That Appellant Was Not Within The Scope Of Her Employment At The Time Of The Accident."
 Assignment of Error Number III {¶ 8} "The Trial Court Erred To The Prejudice Of Appellants By Applying The Incorrect Definition Of `Insured' Used In The `Hired' And `Nonowned' Endorsement Of The Policy At Issue Excluded Appellant As An Insured For Any Potential Underinsured Motorist Coverage Present By Operation Of Law."
 {¶ 9} For their first assignment of error, the Reffitts contend that the State Auto policy is a motor vehicle policy by virtue of the coverage it provides for hired/non-owned autos, and, therefore, uninsured/underinsured coverage equal to the liability limits under the policy arises by operation of law.
 {¶ 10} Pursuant to the Ohio Supreme Court's decision in Ross v.Farmer's Insurance Group of Companies,[1] "the statutory law in effect at the time of entering into a contract for automobile liability insurance controls the rights and duties of the contracting parties." The effective date of the policy at issue is February 1, 2000. Therefore, the H.B. 261 amendments to R.C. 3937.18, effective September 3, 1997, and S.B. 57 amendments to R.C. 3937.18, effective November 2, 1999, control the rights and obligations of the parties thereunder.
 {¶ 11} R.C. 3937.18 provides, in pertinent part:
 {¶ 12} "(L) As used in this section, `automobile liability or motor vehicle liability policy of insurance' means either of the following:
 {¶ 13} "(1) Any policy of insurance that serves as proof of financial responsibility, as proof of financial responsibility is defined by division (K) of section 4509.01 of the Revised Code, for owners or operators of motor vehicles specifically identified in the policy of insurance;
 {¶ 14} "(2) Any umbrella liability policy of insurance written as excess over one or more policies described in division (L)(1) of this section."[2]
 {¶ 15} "Proof of financial responsibility" is defined in R.C. 4509.01(K) as "proof of ability to respond to damages [in specified amounts] for liability, on account of accidents occurring subsequent to the effective date of such proof, arising out of the ownership, maintenance, or use of the motor vehicle."
 {¶ 16} In Jump v. Nationwide Mutual Insurance Company,[3] the Second Appellate District examined identical "hired" and "non-owned" coverage language in a commercial automobile policy. Noting that the broad definition of "automobile liability or motor vehicle liability policy of insurance" adopted by the Ohio Supreme Court in Selander v. ErieIns. Group,[4] and in other cases predating the enactment of House Bill 261, the court found that R.C. 3937.18(L)(1) "significantly narrows the scope of policies that must include uninsured and underinsured motorist coverage when compared with the supreme court's interpretation of the previous version of the statute."[5] The court concluded that the "hired' and "non-owned" language did not "specifically identify any motor vehicles" for purposes of R.C. 3937.18(L).[6] Applying general principles of statutory construction, the Sixth Appellate District reached a similar conclusion after examining the definition of "specifically identified" as set forth in R.C. 3937.18(L)(1), indicating that "the plain meaning of the words `specifically identified' as they are used in R.C. 3937.18(L)(1) is that the motor vehicles must be precisely, particularly and individually identified in order to meet the statutory definition."[7]
 {¶ 17} We find ourselves in accord with these determinations. Because the "hired" and "non-owned" coverage language in the State Auto policy does not "specifically identify any motor vehicles" and is not an automobile or motor vehicle policy of insurance pursuant to R.C.3937.18(L), State Auto was not required to offer uninsured or underinsured motorist coverage as a part of the policy. Accordingly, the trial court correctly concluded that such coverage did not arise by operation of law due to any failure to offer such coverage when the policy was delivered to the insureds.
 {¶ 18} The Reffitts further argue that this interpretation of "specifically identified" vehicles produces a result whereby "there would never be an instance of coverage which involved a `hired' or `non-owned' vehicle under the facts of this case." The purpose of the definition of "motor vehicle liability policy of insurance" in R.C. 3937.18(L) is to differentiate policies of insurance that are subject to Ohio's uninsured motorist statutes from those that are not. Therefore, the fact that a liability policy does not qualify as a motor vehicle liability policy for purposes of Ohio's uninsured motor vehicle statute in no way invalidates liability coverage provided thereunder.
 {¶ 19} Accordingly, the Reffitts' first assignment of error is overruled. Because the disposition of the first assignment of error precludes the recovery of uninsured or underinsured motorist benefits under the subject policy, the remaining assignments of error are moot.
 {¶ 20} Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, the judgment of the Allen County Common Pleas court is hereby affirmed.
Judgment affirmed.
SHAW, P.J., and HADLEY, J., concur.
[1] Ross v. Farmer's Ins.Group of Cos. (1998), 82 Ohio St.3d 281, syllabus.
[2] Emphasis added.
[3] Jump v. Nationwide Mut. Ins. Co. (Nov. 2, 2001), Montgomery App. No. 18880, appeal not allowed by (2002), 94 Ohio St.3d 1491.
[4] Selander v. Erie Ins. Group (1999), 85 Ohio St.3d 541.
[5] Jump, supra.
[6] Id. See, also, Lane v. State Auto Ins. Cos. (May 31, 2002), Miami App. No. 2001-CA-59.
[7] Burkholder ex rel. Estate of Burkholder v. German Mut. Ins. Co. (Mar. 15, 2002), Lucas App. No. L-01-1413, appeal allowed by (2002),96 Ohio St.3d 1455, 2002-Ohio-3819, citing Pickett v. Ohio Farmers Ins.Co. (Jan 14, 2002), Stark App. Nos. 2001CA00227 and 2001CAO0236; Davisv. State Farm Fire and Cas. Co. (Dec. 18, 2001), Franklin App. No. 00AP-1458; Jump, supra; Jones v. Nationwide Mut. Ins. Co. (July 21, 2001), Stark App. No. 2000CA00329, discretionary appeal allowed, (2001),93 Ohio St.3d 1496.